IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:09-CV-01054-GPM-DGW |
| ) | |
| TERMINAL RAILROAD ASSOCIATION ) | |
| OF ST. LOUIS, ) | |
| ) | |
| Defendant. | |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Joint Motion for Stipulated Protective Order (Doc. 25).  In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is good cause to enter an order protecting the production of a non-party's personnel file and other wage and benefit information to be produced by Defendant Terminal Railroad Association of St. Louis to Plaintiff Billy Carter pursuant to the Court's October 22, 2010 Order.  Wherefore, the Court hereby **GRANTS** the parties' Joint Motion for Stipulated Protective Order (Doc. 25).  The parties are reminded that should any disputes arise regarding the scope or application of this protective order, they are required to contact the Court before filing a motion.

    **IT IS HEREBY ORDERED:**

    1.    In accordance with the Court's directive to the parties on October 21, 2010, as part of the telephonic discovery dispute conference and the Court's Order dated October 22, 2010, Defendant will produce to Plaintiff Eric Postma's personnel file and other documents reflecting Mr. Postma's wages, benefits, experience and training ("Confidential Information") after the entry of a protective order.

2. The Confidential Information shall be used by Plaintiff solely for the purpose of this lawsuit and for no other purpose.

3. The Confidential Information shall be treated as confidential and shall not be disclosed except as provided in this Order.

4. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of Defendant, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    a. Any party, attorney, legal assistant, or other employee of the parties who has a need to handle the Confidential Information under normal office procedure;

    b. Experts or consultants retained by the parties with respect to this action;

    c. Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

    d. Any person who is an officer or director of Defendant, or an employee of Defendant who has a legitimate need to know the contents of confidential information in the context of this litigation;

    e. This Court and its staff; and

    f. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

6. Each person referred to in subparagraphs 5(b) and 5(c) who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Order and agrees to be bound by its provisions. Signed undertakings shall be retained by counsel for the party who provides such material or information to such person and shall upon request to provided to counsel for the opposing party.

7. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery, motions and at the trial or preparation for trial and any appeals of this action. The use of Confidential Information at trial, in motions or at depositions shall not be deemed a waiver of this Order.

8. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

9. The Confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information.

10. Either party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

11. This Protective Order applies only to "Confidential Information" as defined herein.

**DATED:  November 3, 2010**                     _____
                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**

.

## EXHIBIT A

## UNDERTAKING

The undersigned has been advised as to the content of the annexed Protective order, and hereby undertakes to make no disclosures of any Confidential Information, as that term is defined in the annexed Protective Order, to any person who is not permitted to have access to such Confidential Information by the Protective Order. In addition, the undersigned agrees not to use such Confidential Information for any purpose whatsoever other than in connection with this action. The undersigned agrees either to return all Confidential Information supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Information, or to destroy all copies of all Confidential Information, including any notes or other transcriptions made therefrom, within thirty (30) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking is punishable as contempt of court.

DATE:                          NAME:  _____
                                       (print or type)

                               SIGNATURE:  _____

_____        _____